

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -5  PM 3: 34

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

WILLIAM VAN PELT, JR.                    CIVIL ACTION

VERSUS                                   NO. 05-2490

JACK STEVENS                             SECTION "M" (2)

### REPORT AND RECOMMENDATION

Plaintiff, William Van Pelt, Jr., is a convicted inmate currently incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against St. Bernard Parish Sheriff Jack Stevens alleging that, while incarcerated in the St. Bernard Parish Prison, he was denied access to a law library, legal materials and legal assistance. Van Pelt seeks $200,000.00 in compensatory and punitive damages and legal fees. Record Doc. No. 1 (Complaint at ¶¶ IV and V).

On November 15, 2005, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Mary Ann Hand, counsel for defendant. Plaintiff

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

was sworn and testified for all purposes permitted by <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), and its progeny.

## **THE RECORD**

Van Pelt testified that his claim arises from a period during which he was incarcerated in the St. Bernard Parish Prison from November 2003 to February 2004 and then again from October 2004 to November 2004. He stated that he was convicted of aggravated burglary in October 2004 and sentenced to 15 years in prison.

Plaintiff confirmed that his single claim in this case is that he was not provided with a law library, law books or legal assistance during his second stay in the St. Bernard Parish Prison.  He alleged that he was not able to file a motion for reconsideration of his sentence or to prepare for his criminal case. Van Pelt testified that he was represented by a lawyer during his criminal proceedings, but he alleged that he had insufficient contact with the lawyer. He identified the lawyer as a Mr. Brodtman, who was appointed by the court to represent him. He testified that he plead guilty to the aggravated burglary charge in October 2004 and that Mr. Brodtman represented him "throughout the whole proceeding, from the first time I went to court for my arraignment."

Asked why he felt the need to do his own legal research or file his own pleadings when he was represented by counsel, Van Pelt stated, "I wanted to prepare myself for the

2

case to see what I was up against." He alleged that the only reason he pled guilty was because his lawyer did not "say anything he should have said or ask questions when questions should have been asked, and I wanted to prepare myself to know what was supposed to be done and can be done and not be done."

He confirmed the allegation in his written submissions that he was not able to file for reconsideration of his sentence on time, within 30 days after conviction, which would have been November 5, 2004. He stated that he did not know why his lawyer did not file the motion for him, but he acknowledged that he discussed the matter with his lawyer, who advised him that it was in his best interest "to not fight it at all."

Van Pelt stated that his case is not currently on appeal, but "I'm in the process of trying to get back in on a post-conviction relief." He stated that although his application for post-conviction relief has not yet been filed, he is working on it.

Van Pelt acknowledged that he had attached to his complaint as exhibits certain letters he had written to prison officials concerning this matter and his request for law books, one being a letter to the warden dated October 7, 2004; another being a letter to the warden dated October 29, 2004. He acknowledged that these letters were written by him during the time period during which any motion for reconsideration would have been due and that he had paper and pen sufficient to do so. Asked why he had not

3

simply written a motion for reconsideration and sent it into the court, he testified that at the time he did not know that all he needed to do was send in a letter or request, but thought instead he had to prepare some kind of legal pleading containing legal citations.

Van Pelt testified that there is no law library at the St. Bernard Parish Prison. He also stated that no law books or other kind of legal assistance were available and clarified that his claim is not that he could not make a submission to the court but that he had no law books to use to provide the court with legal citations.  He confirmed that he has no current proceedings pending in his criminal case and stated that although he is working on an application for post-conviction relief, he has not yet filed one because "I don't really see anything I could really go back in on right now."  Asked what he "could have gone back in on" in a motion to reconsider sentence, he said, "That really is just a request to the judge, from my understanding, to reconsider the sentence, not really having to do with something that's messed up, and the judge at the time did not want to give me all that time. He wanted to give me ten years, suspend four, but the D.A. disagreed and said they were going to come back and multi-bill me, so I copped out."

Asked if he knew anything about a procedure at the St. Bernard Parish Prison by which inmates could request certain law books or legal materials, which would then be

4

provided to them, Van Pelt said he knew nothing about that, but alleged that "everybody I seen request law books or anything had never received anything."

## ANALYSIS

I.   STANDARDS OF REVIEW

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims.  Spears, 766 F.2d at 180.  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more

5

comfortable to many prisoners." <u>Davis</u>, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). <u>Wilson v. Barrientos</u>, 926 F.2d 480, 481 (5th Cir. 1991); <u>Adams v. Hansen</u>, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." <u>Spears</u>, 766 F.2d at 182.

The court may make only limited credibility determinations in a <u>Spears</u> hearing, <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997) (citing <u>Cay v. Estelle</u>, 789 F.2d 318, 326-27 (5th Cir. 1986), <u>overruled on other grounds by Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728 (1992)), and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable. "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents." <u>Id.</u> (citing <u>Wilson</u>, 926 F.2d at 482-83; <u>Williams v. Luna</u>, 909 F.2d 121, 124 (5th Cir. 1990)).

After a <u>Spears</u> hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, <u>Jackson v. Vannoy</u>, 49 F.3d 175, 176-77 (5th Cir. 1995); <u>Moore v. Mabus</u>, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the

facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." Id. at 270.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims. Plaintiff's complaint, as amended by his testimony at the Spears hearing, fails to state a claim of violation of his constitutional rights cognizable under Section 1983 under the broadest reading.[1]

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

II.   ACCESS TO A LAW LIBRARY

Plaintiff alleges that he was denied access to a law library or other legal assistance. Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. Bounds v. Smith, 430 U.S. 817, 828 (1977); Pembroke v. Wood County, 981 F.2d 225, 229 (5th Cir. 1993).  "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."  Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993) (emphasis added)).

Significantly, to state a claim that his constitutional right of access to the courts was violated, Van Pelt must demonstrate that his position as a litigant was actually prejudiced.  Lewis v. Casey, 116 S. Ct. 2174, 2182 (1996); Eason, 73 F.3d at 1328; Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993) (citing Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992)).  The inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  Lewis, 116 S. Ct. at 2181.

Van Pelt wholly fails to establish the foregoing essential elements of his First Amendment claim in either his complaint or his testimony in all of three distinct ways. First, Van Pelt said it was necessary for him to have access to a law library or other legal assistance at the prison because his attorney did not ask the right questions or say the right things in his pending state court criminal proceedings. Nevertheless, Van Pelt was represented by an attorney in his case. Under these circumstances, plaintiff's right of access to the courts, as guaranteed by the Constitution and interpreted by Bounds, was clearly satisfied by his representation by counsel in his criminal proceedings. Schrier v. Halford, 60 F.3d 1309, 1313-1314 (5th Cir. 1995); Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986); Morrow v. Harwell, 768 F.2d 619, 623 (5th Cir. 1985).

Second, it is clear from Van Pelt's own testimony that he had the ability to prepare and submit his own motion to reconsider his sentence to the courts. Regardless whether he had access to law books, he could have prepared and submitted a motion to reconsider his sentence in just the same way he sent letters to the warden during that 30-day period. He conceded in his testimony that he could think of no legal errors that occurred in his state criminal proceedings and that his motion would have been based on certain statements of the presiding judge, of which Van Pelt was aware and which required no legal citation. Under these circumstances, Van Pelt's failure to file a timely motion to

9

reconsider his sentence cannot be attributed to his lack of access to law books, and it must be concluded that his First Amendment right, which encompasses nothing more than the ability to prepare and transmit a necessary legal document to a court, <u>Eason</u>, 73 F.3d at 1328, was not violated.

Third, it is clear that no actual legal prejudice to Van Pelt's position as a litigant of the type required by <u>Lewis</u> was caused by any action or omission of the defendant. "[C]ausation is an element of a section 1983 claim; [defendants'] actions must have actually caused the deprivation . . . of which [plaintiff] complains." <u>Hart v. O'Brien</u>, 127 F.3d 424, 446 (5th Cir. 1997). As noted above, a prisoner's First Amendment right of access to the courts encompasses nothing more than the ability to prepare and transmit a necessary legal document to a court.  Van Pelt conceded in his testimony that during the time period when his motion to reconsider sentence was due, he was not only represented by counsel but also was in possession of pen and paper sufficient to prepare and submit the motion.  He attached to this complaint letters to the warden concerning this same topic that he prepared and submitted during that time.  He further conceded that no citation to law was necessary in support of the particular motion he contemplated. If he suffered any legal prejudice by his failure timely to file a motion to reconsider his sentence, it was caused by his own failure to write to the court, not by any constitutional violation.

10

For all of the forgoing reasons, Van Pelt's claim concerning inadequate access to a law library at St. Bernard Parish Prison is legally frivolous and fails to state a claim upon which relief can be granted under Section 1983.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana this ___2d___ day of December, 2005.



_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

11